### Parr v. Ford Motor Co.

*Richard C. Angino,* for plaintiffs

*Kristen E. Dennison, Thomas M. Hinchey, William J. Conroy* and *Tiffany M. Alexander,* for defendants Ford Motor Company, McCafferty Ford Company, McCafferty

Ford of Mechanicsburg, Inc. and McCafferty Ford Sales, Inc.

*Keisha A. Parker,* for defendant Ford Motor Company

PANEPINTO, *J.,* March 1, 2013—Plaintiffs/appellants appeal this court's order of August 30, 2012, which denied plaintiffs motion for post-trial relief and entered judgment in favor of defendants and against plaintiffs.

## PROCEDURAL AND FACTUAL BACKGROUND

This crashworthiness action arises out of a two car motor vehicle accident that occurred on July 21, 2009. Plaintiffs were occupants of a 2001 Ford Excursion vehicle that was struck by another vehicle causing it to strike a guardrail and subsequently roll over down a steep embankment. At the time of the accident, Joseph Parr was operating the subject vehicle and his wife, April Parr and daughter, Samantha Parr were occupants of the vehicle. Both April Parr and Samantha Parr were injured. April Parr sustained the more serious injury, namely, a spinal cord injury which resulted in quadriplegia.

Plaintiffs filed suit against defendants alleging, inter alia, that the roof and restraint system of the 2001 Ford Excursion were defectively designed. More specifically, plaintiffs contended that plaintiff, April Parr's spinal injuries resulted from a roof crush. Of significance is the fact that following the accident, the subject vehicle was destroyed, prior to any expert being able to examine or inspect the vehicle.

Trial began in this matter on March 3, 2012 and concluded on March 23, 2012 with a jury verdict in favor

of defendants, finding that plaintiffs failed to prove that defendants were liable under both strict products liability and negligence theories. Plaintiffs timely filed post-trial motions for a new trial, which were denied by this court pursuant to an order dated August 30, 2012. On September 10, 2012, plaintiffs appealed the order of this court denying their post-trial motions. On September 19, 2012 this court entered an order pursuant to PA R.C.P. 1925(b) requiring plaintiffs to file a concise statement of errors complained of on appeal. Plaintiffs timely filed their 1925(b) statement and this opinion follows.

## ALLEGATIONS OF ERROR

Plaintiffs' Rule 1925(b) statement raises the following four (4) issues on appeal:

1. The trial court committed an error of law and/ or abused its discretion when it denied plaintiffs'/ appellants' motion in limine No. 1 to preclude defendants/appellees from presenting evidence of their "diving," "torso augmentation," theory, which was discredited and superseded by the National Highway Traffic Safety Administration (NHTSA)'s Final Rule dated May 12, 2009.

2. The trial court committed an error of law and/ or abused its discretion when it granted defendants'/ appellees' motion in limine No. 3 to preclude references to NHTSA standards and rulemaking documents dated 2001 to present, on the basis that the subject vehicle was originally manufactured and sold in 2011(sic).

3. The trial court committed an error of law and/

or abused its discretion when it granted defendants'/ appellees' motion in limine No. 9 and altogether precluded plaintiffs/appellants from offering statistical evidence prepared by NHTSA, The Insurance Institute for Highway safety (IIHS), the fatal accident reporting system, 10and/or (sic) the national automotive sampling system as to rollover fatalities involving the subject vehicle and comparable vehicles on the basis that plaintiffs/appellees (sic) were unable to prove that the statistics derived from other rollover accidents that were virtually identical to the one in the instant accident.

4. The trial court committed an error of law and/ or abused its discretion when it denied plaintiffs'/ appellants' motion in limine to preclude defendants/ appellees from (a) presenting—and consequently filling the record with— evidence that the subject vehicle was not preserved; and (b) seeking a spoliation charge when the defendants/appellees suffered no prejudice resulting from the vehicle's destruction.

## DISCUSSION

Appellants first argue that this court erred in denying their motion in limine no. 1 which sought to preclude appellees from introducing at trial any evidence of their 'diving' or torso augmentation theory. Appellants also had an opportunity to argue their motion in limine no.1 before this court prior to trial. This pre-trial motion no. 1 had contended that appellant, April Parr's quadriplegic injuries had to have been caused by a roof crush and not by 'diving.' Appellees had argued that April Parr's injuries

resulted from 'torso augmentation' or 'diving' which occurred when April Parr's torso, loading her neck as her head, which was against the roof of the vehicle due to centrifugal force generated in the rollover accident, at the moment the roof struck the ground. Appellees contented that automobile roofs do not significantly deform or crush in rollover accidents until after the occupants have already 'dived' into the roofs and incurred their injuries. Appellants contended that the National Highway Safety Administration's (NHTSA) engineers and statisticians had discredited appellees' 'diving' theory as to the cause of April Parr's injuries.

Accordingly, appellants contended at trial that this trial court should give deference to NHSTA as an administrative body and therefore preclude appellees from introducing at trial any evidence of 'diving' to support their defense of this product liability causes of action brought against them by appellees. However, upon review of the documentation provided to the court to support their motion, notably, the 2009 amendment to the FMVSS (Federal Motor Vehicle Safety Standard) although suggestive of appellants' argument, failed to convince this court that either of their arguments were meritorious. First, although the 2009 amendment did cite statistical studies which found a correlation between roof crush and injury in rollover accidents, appellants' contention that the NHTSA amendment *conclusively* determined that a causal relationship existed between roof crush and head and neck injury in rollover accidents, *to the exclusion* of torso augmentation, was not proven. Although a correlation was shown it did not provide, as appellants'

were arguing, evidence showing that it was conclusive. As such, this court determined that appellants' contention was without merit and denied their pre-trial motion which sought to preclude appellees from presenting evidence that 'diving' or torso augmentation caused plaintiff, April Parr's injuries. Both appellees and appellants presented extensive expert testimony during trial on the subject of 'roof crush' vs. 'diving' as a cause of appellant, April Parr's injuries. In the end, the jury concluded that Ms. Parr's injuries resulted from 'diving' not 'roof crush' and found for the appellees.

Appellants next argue that this court erred in granting appellee's motion in limine no. 3 which sought to preclude any references during trial to NHTSA standards and rulemaking documents dated 2001 to the present, on the basis that the subject vehicle was originally manufactured and sold in 2001. Both parties had an opportunity to argue this motion in limine before this court prior to trial. Pennsylvania law requires that a plaintiff prove that an allegedly defective vehicle was defective at the time of manufacture. *Duchess v. Langston Corporation*, 769 A.2d 1131, 1142 (Pa. 2001). However appellants sought to introduce NHTSA standards and rulemaking subsequent to the year the subject vehicle was manufactured. It was this court's determination that the relevant time frame for assessing the design and/or defectiveness of the subject 2001 Ford Excursion was up to and including the year it was manufactured, 2001. The standards that were in place at that time (2001) were what was relevant to appellants' causes of action against the appellee, Ford Motor Company. At trial, appellees were permitted and did

introduce evidence of NHTSA standards that existed up to the year 2001. This court found appellants' contention that they should have been permitted to introduce NHTSA standards and rulemaking subsequesnt to the year 2001 without merit and accordingly granted appelles' pretrial motion precluding such evidence.

Appellants next argue that this court erred in granting appellee's motion in limine no. 9 which sought to preclude any references during trial to statistical evidence of other dissimilar accidents. Both parties had an opportunity to argue this motion in limine before this court prior to trial. Appellants contend that this court committed an error of law and/or abused its discretion when it granted appellees motion in limine no. 9. According to appellants, this court "altogether precluded plaintiffs/appellants from offering statistical evidence prepared by NHTSA, The Insurance Institute for Highway Safety (IIHS), the fatal accident reporting system, and/or the national automotive sampling system as to rollover fatalities involving the subject vehicle and comparable vehicles on the basis that appellees were unable to prove that the statistics derived from other rollover accidents that were virtually identical to the one in the instant accident."

As appellants acknowledge, it was their burden, as the proponent of this evidence, to establish, to the court's satisfaction, the similarity between other accidents and the subject accident before this evidence could have been admitted for any purpose. *Hutchinson v Penske Truck Leasing Co.*, 876 A. 2d 978 (Pa. Super. 2005). During argument before this court, appellants failed to show the

required similarity between the subject accident and those contained within the statistical compilations. Notably, the IIHS reports, unlike the subject accident, involved fatalities. Appellants could not establish that the facts surrounding the accidents that comprised the statistical analysis they wished to introduce before the jury were substantially similar to those in the subject accident. As it was appellants' burden, this court found that they had not met their burden and granted appellees' motion to preclude the statistical evidence.

Finally, appellants argue that this court erred when it denied their motion in limine which sought to preclude appellees from (1) referencing or introducing evidence during trial that the subject vehicle was not preserved and (2) seeking a spoliation charge when, as appellants contended, no prejudice resulted from the subject vehicle's destruction. Both parties had an opportunity to argue this motion in limine before this court prior to trial.

This court initially deferred ruling on the motion. However, prior to making a decision this court did permit appellee, Ford, to introduce facts about the unavailability of the vehicle and its impact on the experts' investigation into the cause of the accident and the injuries sustained by the occupants. As such, appellants' counsel during cross-examination of appellees' experts called into question their opinions and conclusions, based upon the fact that the subject vehicle was not available for them to examine and inspect.

Further, at trial the parties stipulated as to the facts

surrounding the unavailability of the vehicle. Notably, appellants stipulated that two weeks after the accident and after hiring counsel, they released the vehicle to their insurance company who in turn sold the vehicle which was then destroyed. Appellants further stipulated that they did not attempt to locate the vehicle until after it had been destroyed and that appellees were not notified of legal action until after the vehicle was disposed.

In light of the above stipulation and arguments and briefs of counsel, this court denied appellants' pre-trial motion to preclude and accordingly allowed the jury to make whatever conclusions it deemed proper. Accordingly, this court gave a permissive adverse inference instruction to the jury, instructing that it could, but was not required to, draw a negative inference against appellants from the destruction and thus absence of the subject vehicle. Clearly appellants, despite their hiring of counsel and their knowledge of their pursuit of a legal action resulting from the accident, transferred the subject vehicle out of their possession resulting in it being subsequently destroyed, thereby preventing appellees from having the vehicle inspected so as to properly defend themselves from appellants' allegations.

## CONCLUSION

For all of the above reasons, this court's order of August 30, 2012 denying appellants post-trial motion for a new trial should be affirmed.